UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-588 RM |
| | ) | (Arising out of 3:08-CR-71 RM) |
| | ) | |
| CARLOS DION WHEELER | ) | |

<u>OPINION AND ORDER</u>

Carlos Wheeler pleaded guilty to possession with intent to distribute crack cocaine and possessing a firearm while an unlawful user of a controlled substance. Mr. Wheeler was sentenced on December 22, 2008 to 41 months on each count with the terms to be served concurrently and three years supervised release. Mr. Wheeler has filed a petition pursuant to 28 U.S.C. § 2255 seeking to be resentenced in accordance with the powder cocaine guidelines. Mr. Wheeler says it has come to his attention that this circuit is sentencing defendants to the powder cocaine guidelines when they were originally charged with crack cocaine and that there is a bill in Congress "H.R. 3245" that would eliminate the difference in crack cocaine and powder cocaine. He therefore is "asking the court to resentence [him] with the powder cocaine guidelines." For the reasons that follow, the court denies Mr. Wheeler's petition.

I. DISCUSSION

Relief under § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds, United States v. Ceballos, 302 F.3d 679 (7th Cir. 2002). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the motion and files and records in this case conclusively demonstrate that Mr. Wheeler isn't entitled to relief, the court decides this matter without an evidentiary hearing.

*A. Waiver*

Mr. Wheeler's plea agreement reveals that he waived his right to appeal his conviction and to contest his sentence in a § 2255 proceeding. Mr. Wheeler's plea agreement, signed by Mr. Wheeler, his attorney Thomas Strickler, and Assistant United States Attorney Donald Schmid, contains the following language in paragraph 9(d):

> I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order

> was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255[.]

Mr. Wheeler acknowledged at the plea hearing that he was waiving his right to file any later petition for post-conviction relief or petition for habeas corpus challenging his conviction or his sentence. Plea Hrg. Tr., p. 13. The court further explained this waiver:

> [I]f from here on out I do anything with respect to the case that you don't think was right, or if Mr. Schmidt or anyone else from his office representing the Government does anything with respect to the case that you don't think was right, or if Mr. Strickler in trying to represent you were to do anything with respect to the case that you didn't think was right, even if whatever happened meant your sentence turned out to be longer than it should have been, once I impose the sentence at that sentencing hearing, you wouldn't be able to complain about whatever it was that went wrong to this court or to any other court.

Plea Hrg. Tr., p. 13. Mr. Wheeler acknowledged that he understood the waiver. Plea Hrg. Tr., p. 13. Despite the waivers and admissions in his plea agreement, Mr. Wheeler asks that his sentence be corrected pursuant to 28 U.S.C. § 2255.

Courts enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." Unites States v. Blinn, 490 F.3d 586, 588 (7th Cir. 2007) (citation omitted). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. United States v. Jemison,

3

237 F.3d 911, 917 (7th Cir. 2001). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary." United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002).

The "right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). If the defendant can demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver, the waiver isn't effective against a § 2255 challenge. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). An enforceable waiver bars ineffective assistance claims relating to anything other than the plea negotiation — for example, those related to counsel's performance at sentencing. Bridgeman v. United States, 229 F.3d 589, 593 (7th Cir. 2000); *see also* Jones v. United States, 167 F.3d at 1145; Mason v. United States, 211 F.3d at 1069 (noting that a waiver of the right to file a § 2255 petition is only unenforceable if the movant establishes a claim of "ineffective assistance of counsel in connection with negotiating the agreement" or if the waiver was unknowing or involuntary).

Mr. Wheeler hasn't alleged that his counsel's performance was ineffective, and he acknowledged during the plea hearing that he understood the specifics of his plea agreement and confirmed that his plea was voluntary and not based on any promises outside the written plea agreement. Plea Hrg. Tr., pp. 5-8, 12, 18; *see also* Plea Agr. ¶ 9(n) ("Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the

4

specific sentence that will be imposed or any other matter."). After the plea colloquy, the court found that Mr. Wheeler was fully competent and capable of entering an informed plea and had done so knowingly and voluntarily. Plea Hrg. Tr., p. 19. Mr. Wheeler hasn't overcome the strong presumption of verity that attaches to the statements of voluntariness and understanding that he made during that hearing. To the extent Mr. Wheeler is seeking a modified sentence under the powder cocaine guidelines, the request has been waived.

*B. Crack Cocaine Amendments*

Even if Mr. Wheeler hadn't waived his right to file this petition, he still wouldn't be entitled to the relief he seeks. To the extent Mr. Wheeler seeks a reduction pursuant to the retroactive amendments to the crack cocaine guidelines, the court notes that those amendments took effect before Mr. Wheeler's sentencing, so his sentence was imposed taking the crack cocaine amendments into consideration. Accordingly, the court denies Mr. Wheeler's request for a modified sentence under the crack cocaine amendments.

II. CONCLUSION

Mr. Wheeler isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 30] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED: December 23, 2009

/s/ Robert L. Miller, Jr.
						Chief Judge
						United States District Court

cc:	C. Wheeler
	D. Schmid